**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JETSON MITCHELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MURRAY ENERGY CORPORATION, THE AMERICAN COAL COMPANY, INC. and DOE DEFENDANTS 1-20,<br><br>    Defendants. | Case No.: 17-cv-444<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Jetson Mitchell, individually, and on behalf of all others similarly situated, brings this putative class action against Defendants Murray Energy Corporation, The American Coal Company, Inc., and Doe Defendants 1-20 (collectively referred to herein as "Defendants"), and states as follows:

**NATURE OF THE ACTION**

1.  This action arises out of Defendants' failure to provide 60-day advanced notice of the "mass layoff" of nearly hundreds of employees that occurred at its New Future Mine in Galatia, Illinois on or about April 19, 2017 through April 28, 2017, in violation of the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.*

2.  Rather than provide the required advance written notice to Plaintiff, a full-time employee of Defendants for 21 years, and the hundreds of other putative class members, Defendants instead notified Plaintiff and other employees by phone call that, effective immediately, their employment was terminated and that all benefits would cease as of the date of termination.

1

3. Upon information and belief, Defendants are advising remaining employees to find new jobs because the New Future Mine will be closing in approximately one month.

4. Defendants' mass layoff without advanced written notice deprived hundreds of fired "workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5. Plaintiff brings this putative class action against Defendants seeking, *inter alia*, back pay, benefits, and attorneys' fees as provided for under the WARN Act.

## THE PARTIES

6. Plaintiff Jetson Mitchell is domiciled in Saline County, Illinois, and, therefore a citizen of the state of Illinois.

7. Defendant Murray Energy Corporation ("Murray Energy") is an Ohio corporation with its principal place of business at 46226 National Road, St. Clairsville, Ohio 43950. Therefore, Murray Energy is a citizen of the state of Ohio.

8. Defendant The American Coal Company, Inc. ("American Coal"), is a Delaware corporation its principal place of business at 46226 National Road, St. Clairsville, Ohio 43950. Therefore, Murray Energy is a citizen of the state of Delaware and Ohio.

9. Defendant Doe Defendants 1-20 ("Doe Defendants") may include other related entities that are currently unknown to Plaintiff who should be named in this litigation and may be discovered as discovery in this litigation progresses.

## JURISDICTION AND VENUE

10. This Court has federal-question subject matter jurisdiction pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1331.

11. This Court has general and specific jurisdiction over Defendants because Defendants have sufficient minimum contacts within the State of Illinois and within the Southern District of Illinois, as Defendants are actively engaged in the management and operation of coal mines in this State, including at the New Future Mine in Saline County, Illinois and other active mines and locations in the State, and, further, because the material acts upon which the suit is based occurred within the Southern District of Illinois.

12. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims asserted herein occurred in this judicial district in Saline County, Illinois.   Alternatively, venue is proper in the Southern District of Illinois pursuant to 29 U.S.C. § 2104(a)(5) because the violation is alleged to have occurred in this district and Defendants transact business in this district.

## FACTUAL ALLEGATIONS

13. Murray Energy is the largest privately owned coal company in the United States, producing approximately 65 million tons of coal each year.[1]

14. Murray Energy, directly and through Defendants, its affiliates and subsidiaries, operates twelve coal mines in five states—Illinois, Ohio, Kentucky, Utah, and West Virginia— and also operates factories in Illinois, Ohio, Kentucky, and West Virginia to build mining equipment.[2]

---

[1] http://www.murrayenergycorp.com/about/
[2] http://www.murrayenergycorp.com/production/; http://www.murrayenergycorp.com/. In 2015, Murray Energy acquired Foresight Energy, which operates four additional mines in Illinois.

15. American Coal operates the New Future Coal Mine, which is an underground mining complex located near the city of Galatia in Saline County, Illinois (the "New Future Mine"), that produces mid-sulfur coal.

16. Upon information and belief, Defendants operate as a single, integrated business, despite their multiple levels of corporate entities, and employed 100 or more full-time employees, or 100 or more employees who in the aggregate work at least 4,000 hours per week, exclusive of overtime.

17. Additionally, upon information and belief, Defendants, even if considered individually, employed 100 or more full-time employees, or 100 or more employees who in the aggregate work at least 4,000 hours per week, exclusive of overtime.

18. Upon information and belief, Murray Energy maintained direct responsibility for all Defendants' strategic, financial, human resources, and benefits decisions and functions, and exercised control over all Defendants' business plans and decisions, including the decision to terminate hundreds of employees at the New Future Mine.

19. Prior to April 22, 2017, Plaintiff was a full-time employee of Defendants for 21 years.

20. As of April 2017, Plaintiff earned regular compensation of approximately $60,000 per year and Defendants provided other substantial employee benefits including, *inter alia*, health insurance, a 401(k) plan, short-term disability insurance, long-term disability insurance, life insurance, accidental death and dismemberment insurance, accrued and unused vacation days, and monthly bonuses.

---

http://www.stltoday.com/business/local/murray-energy-to-close-galatia-mine-next-year/article_aecf6963-c5ed-5edb-abd1-db6c5537a540.html

21. At all times relevant hereto, Plaintiff and Class members were either full time employees of Defendants, or temporary employees other than part-time employees, and are to be counted in determining that the threshold requirements of the WARN Act are met.

22. Upon information and belief, beginning on or about April 19, 2017, Defendants began contacting employees by telephone telling them that their employment at the New Future Mine was terminated, effective immediately. Defendants expressly stated in these phone calls that the loss of employment was permanent.

23. On April 21, 2017, Plaintiff was told by Defendants' human resources manager to report to work on Monday at the New Future Mine.

24. The next day, April 22, 2017, Plaintiff received a phone call from Defendants' general mine foreman stating that his employment was terminated, effective immediately. Defendants told Plaintiff that his wages and benefits would cease immediately and that final paychecks would be mailed.

25. Upon information and belief, Defendants terminated 120-185 employees between April 19, 2017 and April 28, 2017.

26. Upon information and belief, prior to the termination, Defendants employed 266 employees at the New Future Mine.[3]

27. Upon information and belief, Defendants intend to shut down the New Future Mine in the near future.

28. Upon information and belief, Defendants knew that terminations were anticipated, but failed to provide employees and state and local authorities with advance notice as required under the WARN Act.

---

[3] This data is from the U.S. Department of Labor, Mine Safety and Health Administration, Mine Quarterly Production Information report for the New Future Mine (Mine ID 1103232), *available at* https://arlweb.msha.gov/drs/ASP/MineAction70002.asp

29.     Plaintiff and Class members received no severance.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(3), and 23(c)(4), and the WARN Act, 29, U.S.C. § 2104(a)(5), on behalf of himself and all others similarly situated, as representative of the following class ("Class 1"):

> All former employees, excluding part-time employees, of Murray Energy Corporation, The American Coal Company, Inc., and/or Doe Defendants 1-20, who worked at the New Future Coal Mine and whose employment was terminated on or about April 19, 2017 through April 28, 2017, without previously receiving sixty (60) days advanced written notice.[4]

31.     Excluded from the Class are any Defendant, its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, and the immediate family members of such persons. Also excluded are any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

32.     Plaintiff Crawford is a member of each Class which he seeks to represent.

33.     The members of the Class are ascertainable as the class definition describes a set of common characteristics sufficient to allow identification by Defendants and/or a prospective plaintiff to identify himself or herself as having a right to recover based on the description.

34.     The Class consists of over one hundred members and, therefore, is so numerous that joinder is impracticable.

35.     Plaintiff's claims are typical of those in the Class and are based on the same legal and factual theories.

---

[4] Plaintiff reserves the right to modify the class definition in his class certification motion to account for facts obtained during discovery.

36. There are numerous questions of law and fact common to the Class, which include, but are not limited to the following:

    a. whether Plaintiff and the Class members were employed by Defendants;

    b. whether Plaintiff and the Class members suffered an "employment loss" as defined by the WARN Act;

    c. whether Plaintiff and Class members are "affected employees" as defined by the WARN Act;

    d. whether Defendants failed to provide the notice required by the WARN Act;

    e. whether Defendants can avail themselves of any defenses provided for in the WARN Act; and

    f. whether Plaintiff and the Class are entitled to damages permitted under the WARN Act, and, if so, in what amount.

37. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is ready, willing, and able to serve as class representatives. Furthermore, Plaintiff's counsel is experienced in handling class actions and competent to assert the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interest that might cause them not to vigorously pursue this action.

38. Certification of the Class under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that Plaintiff and the Class seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort, and

expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendants.

39.     Alternatively, certification of the Class under Federal Rule of Civil Procedure 23(b)(1) or 23(c)(4) is appropriate in that this action involves issues affecting all Class members and inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

**COUNT I**
**VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101 *et seq.***

40.     Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

41.     Defendants are a business enterprise subject to the provisions of the WARN Act, 29 U.S.C. § 2101 *et seq*., as an "employer" because Defendants employ 100 or more employees, excluding part-time employees.

42.     The WARN Act, 29 U.S.C. § 2102 establishes that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order . . . to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee."

43.     The terms "mass layoff" is also defined by the WARN Act:

The term "mass layoff" means a reduction in force which—

(A)     is not the result of a plant closing; and

    (B) results in an employment loss at the single site of employment during any 30-day period for—

  (i)

      (I) at least 33 percent of the employees (excluding any part-time employees); and

      (II) at least 50 employees (excluding any part-time employees); or

  (ii) at least 500 employees (excluding any part-time employees).

29 U.S.C. § 2101(a)(3).

  44. Further, the term "affected employees" is defined by 29 U.S.C. §2101(a)(5) as "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer."

  45. The terms "employment loss" is defined by 29 U.S.C. §2101(a)(6) as "(A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work of more than 50 percent during each month of any 6-month period."

  46. The verbal termination by Defendants resulted in the permanent cessation of the employment relationship between Plaintiff and the Class members and Defendants in that, effective immediately: (1) Plaintiff and the Class stopped receiving payment of wages; (2) all benefits to Plaintiff and the Class ceased; and (3) Defendants stated that the loss of employment was permanent.

  47. Furthermore, the verbal termination resulted in the permanent cessation of the employment relationship between Plaintiff and the Class members and Defendants because Plaintiff and the Class members have no reasonable expectation of being recalled.  In fact, Defendants have suggested that they intend to shut down the New Future Mine.

48. The termination of Plaintiff and the Class members effective immediately from April 19, 2017 through April 28, 2017, at the New Future Mine constituted a "mass layoff" because 120-185 full-time employees out of 266 experienced an employment loss at the single site of employment during a 30-day period. Thus, over 50, and at least 33 percent of the employees (excluding part-time employees) experienced the employment loss.

49. Plaintiff and Class members are "affected employees" because they experienced an "employment loss" as a consequence of a mass layoff by their employer.

50. The mass layoff was ordered by Murray Energy, American Coal, and/or Doe Defendants.

51. Pursuant to the WARN Act, Defendants should have given Plaintiff and Class members 60-days' written notice of the New Future Mine mass layoff.

52. This notice was not provided, and Defendants willfully violated the WARN Act by failing to provide the required notice.

53. No exception to the WARN Act is applicable here.

54. Defendants did not act in good faith or with reasonable grounds for believing that their actions were not a violation of the WARN Act. Defendants provided no written notice of termination. Upon information and belief, Defendants could have given 60-days' written notice, but chose not to in an attempt to avoid payment of 60-days' wages to Plaintiff and Class members.

55. Accordingly, pursuant to 29 U.S.C. § 2104(a)(7), Plaintiff and the Class members are "aggrieved employees" because they are employees who have worked for the employer ordering the mass layoff and who, as a result of the failure by the employer to comply with section 2102 of this title, did not receive timely notice either directly or through his or her

representative as required by section 2102 of this title. Plaintiff and the Class are thus authorized to bring this action against Defendants for their violation of the WARN Act pursuant to 29 U.S.C. § 2104(a)(1).

56. Pursuant to 29 U.S.C. § 2104(a)(1)(A), Plaintiff and Class members are entitled to back pay for each day of Defendants' violation at a rate of compensation not less than the higher of the average regular rate received by such employee during the last 3 years of the employee's employment or the final regular rate received by such employee.

57. Additionally, pursuant to 29 U.S.C. § 2104(a)(1)(B), Plaintiff and Class members are entitled to benefits under an employee benefit plan described in 29 U.S.C. § 1002(3), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, if applicable.

58. Defendants' liability shall be calculated for the period of the violation, up to a maximum of 60 days.

59. Plaintiff has also been required to retain counsel in this matter to protect Plaintiff's rights and have incurred attorneys' fees and costs in this matter.

60. If any purported release was signed by Plaintiff or Class members, such a release is invalid as it lacks consideration as Defendants paid no severance here.

61. Accordingly, Plaintiff and Class members are affected employees, have suffered economic harm due to Defendants' actions, and are therefore entitled to 60-days' back pay and continued benefits, pre- and post-judgment interest, reasonable attorneys' fees, the costs of this action, and any civil penalties this Court deems just and proper, all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

A. an order from the Court certifying the Class identified herein as a class action pursuant to FED. R. CIV. P. 23(b) and (c) and appointing Plaintiff as class representatives and appointing their counsel to represent the Class;

B. an order from the Court finding that Defendants have violated the WARN Act and therefore holding Defendants liable to Plaintiff and the Class;

C. an order from the Court awarding Plaintiff and Class members unpaid wages, salary, commission, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits for 60 working days following the Plaintiff's and/or Class members' termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1), in an amount to be proven at trial;

C. an order from the Court awarding Plaintiff and Class members pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs as may be available under law; and

D. an order from the Court awarding any civil penalties and such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so triable.

                                      Respectfully submitted,

                                      **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

                                      By: /s/ Kevin P. Green
                                      Thomas P. Rosenfeld #06301406
                                      Thomas J. Lech # 06256261
                                      Kevin P. Green #06299905
                                      2227 South State Route 157
                                      Edwardsville, IL 62025
                                      618-656-5150
                                      tom@ghalaw.com
                                      tlech@ghalaw.com
                                      kevin@ghalaw.com

                                      *Attorneys for Plaintiff*