IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JETSON MITCHELL, *Individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:17-cv-444-NJR-RJD |
| v. | ) ) | |
| MURRAY ENERGY CORPORATION, AMERICAN COAL COMPANY, INC., and JOHN DOES 1-20, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**DALY, Magistrate Judge:**

This is a proposed class action brought pursuant to an alleged violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"). Plaintiff alleges Defendants failed to provide the required 60-day advanced notice of a mass layoff at its New Future Mine in Galatia, Illinois. On September 19, 2017, Plaintiff filed a motion for sanctions that is now before the Court (Doc. 26). Defendants filed their timely response on October 3, 2017 (Doc. 27). The matter has been referred to United States Magistrate Judge Reona J. Daly by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. The undersigned held a hearing on Plaintiff's motion on November 30, 2017. Based on the following, it is **RECOMMENDED** that the District Court **DENY** Plaintiff's motion for sanctions.

### FINDINGS OF FACT

Plaintiff filed this action on April 28, 2017 (Doc. 1). Prior to filing their answer, counsel

for Defendants sent counsel for Plaintiff correspondence setting forth pertinent employment and layoff figures for the mining complex and, based on their representation of the facts, urged counsel for Plaintiff to voluntarily dismiss the matter or they would "be forced to pursue relief under F.R.Civ.Pro. 11 and 28 U.S.C. § 1927." (May 1, 2017 Letter, Doc. 26-1). Plaintiff's counsel responded by letter requesting that Defendants provide certain verified information in order to "expedite the parties' assessment and potential resolution of this matter." (May 24, 2017 Letter, Doc. 26-2). Defendants' counsel responded by letter on June 27, 2017, wherein they provided new calculations along with the declaration of Cindy Biggs, the manager of Human Resources for The American Coal Company. Again, counsel for Defendants urged counsel for Plaintiff to voluntarily dismiss the matter or they would "be forced to pursue relief under F.R.Civ.Pro. 11 and 28 U.S.C. § 1927." (June 27, 2017 Letter, Doc. 26-3). The following day, June 28, 2017, Defendants filed their answer to Plaintiff's complaint as well as a motion for summary judgment (Doc. 13 and 14).

Generally, in their motion for summary judgment, Defendants argued there was no violation of the WARN Act insofar as there was not a 33% reduction in force at a "single site of employment," as defined by the Act. In support of their motion, Defendants relied on the declaration of Cindy Biggs. Plaintiff filed a response in opposition to Defendants' motion disputing not only the merits, but also asserting that a stay of summary judgment proceedings was warranted pending discovery as Plaintiff had not yet had the opportunity to test the factual assertions set forth by Defendants. Defendants filed a reply to Plaintiff's response to counter technical arguments made by Plaintiff that they contended were erroneous. Defendants also argued that summary judgment in the early stages of the proceedings was warranted as they

"provided specific facts showing that TACC discharged less than 33% of workers" and concluded that "[d]iscovery could not possibly reveal evidence altering that conclusion." (Doc. 22, p. 5).

Four days after filing their reply brief, Defendants sought leave to withdraw their motion for summary judgment (Doc. 23). Defendants' motion to withdraw was granted (Doc. 25). Counsel for Plaintiff asserts they had drafted, and were planning to file, a motion to strike Defendants' reply at the time they were served with Defendants' motion to withdraw. Defendants sought to withdraw their motion "because examination of documentary evidence in preparation for their Fed. R. Civ. P. 26 Initial Disclosures revealed information that Defendants want to include and attach to a future dispositive pleading." (*Id.*). Defendants go on to acknowledge that "this same information suggests that numerical representations contained in Defendants' summary judgment pleadings lack precision and need refined [*sic*], though the imprecision neither creates a dispute of material fact nor triggers the [Act]." (*Id.*). At the hearing on Plaintiff's motion for sanctions, counsel for Defendants admitted their client's numbers were incorrect when they drafted their summary judgment motion, but any discrepancies were minor and immaterial and did not come to their attention until they were able to review the "raw data."

Plaintiff asks the Court to order Defendants to reimburse Plaintiff's counsel their reasonable fees and costs incurred in responding to Defendants' frivolous summary judgment motion and reply due to the conduct described above. Plaintiff premises his motion on the Court's inherent authority to sanction.

## CONCLUSIONS OF LAW

It is well settled that "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose

appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). A court exercising its inherent authority to sanction must "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake…." *Id.* (citations omitted). Indeed, "[a]ny sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* (citations omitted). "Bad faith" is commonly ascribed to intentional actions undertaken to mislead or fraud the court, such as falsifying evidence or committing perjury. *See, e.g., Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397 (7th Cir. 2015) (dismissal upheld as an appropriate sanction for the plaintiff's falsification of evidence intended to mislead the court into granting his request to compel arbitration).

The conduct by Defendants at issue here simply does not meet the high hurdle of "bad faith." Although Defendants appear to have acted in a hasty manner in filing papers with the Court without a thorough review of the data and calculations on which said papers relied, such hastiness would have been better addressed by way of a Rule 11 motion for sanctions. Plaintiff has not sought sanctions by way of Rule 11 and, at this juncture, has foregone the opportunity to do so as it is apparent that Rule 11(c)(2)'s requirements were not met (even if the Court were not to require strict compliance). *See United States v. Rogers Cartage Co.*, 794 F.3d 854, 863 (7th Cir. 2015) (Strict compliance with Rule 11(c)(2) may be excused where there was substantial compliance, where it was impossible to comply, or where the party against whom sanctions are sought waived compliance.). Because the Court finds that Plaintiff has failed to demonstrate that Defendants acted in bad faith, it cannot recommend an award of sanctions.

## RECOMMENDATIONS

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Sanctions (Doc. 26) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**DATED: December 4, 2017**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**