IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JETSON MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-444-NJR-RJD |
| MURRAY ENERGY CORP., AMERICAN COAL COMPANY, INC., and JOHN DOES 1–10, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 31), which recommends granting the motion for sanctions filed by Plaintiff Jetson Mitchell on September 19, 2017 (Doc. 26). For the reasons explained below, the Court adopts Magistrate Judge Daly's Report and Recommendation and denies the motion for sanctions.

Plaintiff Jetson Mitchell filed this case on April 28, 2017, alleging Defendants violated the WARN Act when there was a mass layoff of hundreds of employees from the New Future Mine in Galatia, Illinois, but the employees were not given the required 60-day advanced written notice of the layoff (Doc. 1). Three days later, Defense counsel sent Plaintiff's counsel a letter setting forth pertinent employment and layoff figures for the mining complex and arguing that Plaintiff had no valid cause of action because not enough employees were laid off to qualify as a mass layoff and to trigger the requirements of the WARN Act (Doc. 26-1). Defense counsel urged Plaintiff's counsel to voluntarily dismiss the

matter or Defendants would "be forced to pursue [sanctions]" (Doc. 26-1). Plaintiff's counsel responded by asking for certain information in order to verify defense counsel's claims regarding the number of affected employees (Doc. 26-2). Defense counsel did not send the requested information, but did send a second letter—with a second revised set of figures—and reiterated the threat to seek sanctions if Plaintiff did not voluntarily dismiss his suit (Doc. 26-3). The following day, defense counsel concurrently filed an answer and a motion for summary judgment (Docs. 13, 14).

Generally, in their motion for summary judgment, Defendants argued there was no violation of the WARN Act because there was not a 33% reduction in force at a "single site of employment," as defined by the Act (Doc. 14). Plaintiff filed a response in opposition to Defendants' motion, essentially arguing that Defendants were not using the proper measuring period prescribed by the WARN Act for calculating the number of full-time employees who suffered an employment loss (Doc. 18). Plaintiff also asked the Court to stay the summary judgment proceedings pending discovery because he had not yet had the opportunity to verify the factual assertions set forth by Defendants (Doc. 18). Defendants then filed a reply—with a third revised set of figures—maintaining there was no violation of the WARN Act (Doc. 22).

Four days after filing their reply brief, Defendants filed a motion to withdraw their motion for summary judgment (Doc. 23). Defendants explained that "examination of documentary evidence . . . suggests that numerical representations contained in Defendants' summary judgment pleadings lack precision and need refined," although Defendants adamantly maintained they were "confident that the WARN Act has not been triggered . . . " (Doc. 23). Plaintiff's counsel asserts he had drafted, and was planning to file, a motion to

strike Defendants' reply at the time Defendants filed the motion to withdraw (Doc. 26).

After Defendants' motion to withdraw was granted (Doc. 25), Plaintiff filed a motion seeking sanctions against Defendants (Doc. 26). Plaintiff argues that Defendants "acted recklessly and with indifference to the law by failing to conduct an appropriate inquiry into the applicable law and facts" and then "based on admittedly insufficient data . . . twice threatened Plaintiff with sanctions and have forced Plaintiff to incur the time and expense to respond to both an unsupported Motion for Summary Judgment and unjustifiable Reply in support of that Motion" (Doc. 26). Defense counsel admitted the clients' numbers were incorrect when counsel drafted the summary judgment motion, but contended that any discrepancies were minor and immaterial and did not come to counsel's attention until they were able to review the "raw data" (*see* Doc. 31).

Magistrate Judge Daly held a hearing on Plaintiff's motion for sanctions on November 9, 2017 (Doc. 28). Following the hearing, she issued the Report and Recommendation currently before the Court in which she recommends denying Plaintiff's motion for sanctions (Doc. 31). Magistrate Judge Daly explains that Plaintiff's request is based on the Court's inherent authority to impose sanctions in order to penalize and discourage misconduct (Doc. 31). Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding of bad faith (Doc. 31 *citing Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)), however, and Magistrate Judge Daly believes that Defendants' conduct does not rise to the level of bad faith (Doc. 31). She explains that "[a]lthough Defendants appear to have acted in a hasty manner in filing papers with the Court without a thorough review of the data and calculations on which said papers relied, such hastiness would have been better addressed by way of a Rule 11 motion for sanctions"

(Doc. 31). She goes on to note that Plaintiff did not seek sanctions under Rule 11 and "at this juncture, has foregone the opportunity to do so" (Doc. 31).

Objections to the Report and Recommendation were due on or before December 18, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection to the Report and Recommendation. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Daly's Report and Recommendation. Following this review, the undersigned fully agrees with the findings and conclusions of Magistrate Judge Daly. The Report and Recommendation (Doc. 31) is **ADOPTED** in its entirety, and Plaintiff's motion for sanctions (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   January 9, 2018

                                                                       _____
                                                                       **NANCY J. ROSENSTENGEL**
                                                                       **United States District Judge**