IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JETSON MITCHELL, *Individually and on behalf of all others similarly situated*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MURRAY ENERGY CORPORATION, )<br>AMERICAN COAL COMPANY, INC., and )<br>JOHN DOES 1-20, )<br>)<br>Defendants. ) | Case No. 3:17-cv-444-NJR-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This is a proposed class action brought pursuant to an alleged violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"). Plaintiff alleges Defendants failed to provide the required 60-day advanced notice of a mass layoff at its New Future Mine in Galatia, Illinois. This matter is now before the Court on Plaintiff Mitchell's Motion for Leave to Amend Plaintiff's Class Action Complaint (Doc. 41). For the reasons set forth below, the Motion is **GRANTED**.

I.   **Background**

Plaintiff Mitchell seeks leave to amend his class action complaint in light of recently produced documents demonstrating that Defendants' alleged violation of the advance written notice provisions of § 2102(a) of the WARN Act arose out of Defendants' "plant closing" of the Galatia Mine Complex ("Galatia"), rather than a "mass layoff." In particular, Plaintiff seeks to amend his claim under § 2102(a) of the WARN Act to allege Defendants failed to provide 60 days advance written notice of their plant closing at Galatia, and add Sherman Rider, a former Galatia

worker, to join the proposed class on behalf of himself and others similarly situated. Plaintiff also seeks to assert a claim for Defendants' failure to provide supplemental notice of Defendants' postponement of the plant closing in August 2017, in violation of the WARN Act and 20 C.F.R. § 639.10.

Defendants oppose Plaintiff's motion for several reasons. First, Defendants assert Plaintiff lacks good cause to amend as Plaintiff was unreasonably delayed in filing his motion and such amendment would unduly prejudice Defendants. In particular, Defendants contend that Plaintiff and his requested co-plaintiff Rider knew of the "Class II" claims for at least eight months prior to filing this motion as Rider experienced a layoff on October 3, 2017. Defendants explain that the additional claim regarding a "plant closing" is "an entirely different animal" than a "mass layoff" and will result in new or duplicated discovery efforts for an entirely different class of employees. Defendants further explain they will be prejudiced if Plaintiff is allowed to amend as the mines at issue closed many months ago and, as a result, former employees and management representatives have moved to other positions both within and outside Defendants' organizations among various geographic regions.

Defendants also argue that allowing Plaintiff to amend and add his new allegation under the WARN Act and 20 C.F.R. § 639.10(a) is futile because it is barred by the statute of limitations and is not based on a statutory provision creating a plausible cause of action.

## II.     Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir.

1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, the Court finds it appropriate to allow Plaintiff leave to file his amended class action complaint. When considering whether a proposed amendment is unduly delayed, courts look to the similarity of the factual basis for the claims in the original complaint to the newly-asserted claims, the moving party's explanation for their delay in raising the new claims, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001). Delay alone, however, "is usually not sufficient to deny a motion for leave to amend," *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016). Indeed, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

First, with regard to timing, it is not apparent that Plaintiff was unduly delayed in seeking leave to amend. As Plaintiff explains, only after receiving Defendants' responses to certain discovery requests on March 22, 2018, did he become aware of Defendants' alleged failure to provide 60 days advance written notice of the "plant closing" at Galatia. Although proposed plaintiff Rider may have been laid off on October 3, 2017, Plaintiff Mitchell may not have been aware of the facts giving rise to his claim until he was in possession of Defendants' discovery

documents.  Further, following receipt of the aforementioned discovery, it appears Plaintiff made diligent efforts to seek leave to amend.  Moreover, there was no deadline for seeking leave to amend the complaint in the Scheduling and Discovery Order entered in this case (*see* Doc. 20-1).

The Court is also not convinced that allowing Plaintiff leave to amend would unduly prejudice Defendants.  Although various employees and management representatives may have moved to different employers or geographic regions, and documentary evidence may be housed in Ohio, such circumstance is not sufficient for the Court to deny Plaintiff's motion as these issues would be present even if Plaintiff's motion was denied.  Further, it appears there may be at least some overlap in the discovery related to the claim Plaintiff now seeks to add and the original claim, thus, the Court does not find that the proposed amendment would unduly increase discovery.

Finally, the Court briefly considers Defendants' argument that the proposed amended complaint is futile as the proposed additional claim is barred by the statute of limitations and subject to a Rule 12(b)(6) motion.  The Court finds that Defendants' futility arguments are better suited for a motion to dismiss that will allow for more robust briefing on the issues.

### III. Conclusion

For these reasons, Plaintiff's Motion for Leave to Amend (Doc. 41) is **GRANTED**. Plaintiff is **ORDERED** to file his proposed first amended class action complaint as the First Amended Complaint by **October 17, 2018**.  In light of this ruling, the parties are **ORDERED** to submit an amended joint report and proposed scheduling and discovery order for the Court's consideration by **October 22, 2018**.

**IT IS SO ORDERED.**

**DATED: October 15, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**