# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JETSON MITCHELL and SHERMAN RIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MURRAY ENERGY CORPORATION and THE AMERICAN COAL COMPANY, INC.,<br><br>Defendants. | Case No. 3:17-CV-444-NJR |

# FINAL APPROVAL OF RIDER CLASS SETTLEMENT AND JUDGMENT

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Unopposed Motion for Final Approval of Class Action Settlements (Doc. 105) and Plaintiffs' Motion for Approval of Attorneys' Fees and Incentive Awards for Class Representatives (Doc. 101), filed by Plaintiffs Jetson Mitchell and Sherman Rider ("Plaintiffs"), on behalf of themselves and two certified classes of Defendants' former employees. On January 3, 2022, the Court preliminarily approved the proposed Class Action Settlements. (Docs. 98, 99). On June 2, 2022, the Court held a Final Fairness Hearing, at which all interested persons were given an opportunity to be heard. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements made in open court at the Final Fairness Hearing.

The Court hereby **ORDERS** and **ADJUDGES** as follows:

1. Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the settlement agreement (the "Settlement Agreement") between Rider and Drivetrain, LLC, in its capacity as trustee and administrator for the Murray Energy Wind-Down Trust (the "Plan Administrator").

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members and the Plan Administrator.

3. The Court finds that each class defined in the Settlement Agreement meets the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, for settlement purposes, the Court finally certifies the Class.

4. The Rider Class, consisting of the 47 persons identified in Exhibit A to the Settlement Agreement, is defined as follows:

> All employees Galatia whose employment ended voluntarily at any time during the period August 21, 2017, to October 14, 2017, as a consequence of the alleged plant closing. The Class does not include (1) any employees who were terminated for cause; or (2)(i) received an offer from TACC or Murray Energy to transfer employment to another site of employment; (ii) accepted the offer with 30 days of receiving the offer; and (iii) did not experience more than a six-month break in employment.

5. The Court finds that the Rider class should be finally certified for settlement purposes, that the requirement of numerosity has been met, that the requirement of commonality has been met, that the class representative is a typical class member, that class counsel and Mr. Rider are adequate and protected the class, that common issues predominate over any individual issues, and that a class action is the superior means of adjudicating this dispute.

6. The Court appoints Named Plaintiff Sherman Rider as the Rider Class Representative.

7. The Court appoints Goldenberg Heller & Antognoli, P.C., and Luper Neidenthal & Logan as Class Counsel.

8. Pursuant to Fed. R. Civ. P. 23(c)(4), a notice of the Settlement has been provided to each member of the Rider Class in accordance with the Court's Preliminary Approval Order. The notice given constituted reasonable, appropriate, and sufficient notice to all Rider Class members under the circumstances, and fully complied with the requirements of due process and of all applicable statutes and laws.

9. The Class Representative and Class Counsel have adequately represented the Rider Class throughout this litigation.

10. The Settlement Agreement was reached as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and who have diligently investigated and prosecuted this matter. It was facilitated and overseen by an experienced mediator, Francis X. Neuner, Jr.

11. The relief provided in the Settlement Agreement is fair, reasonable, and adequate, taking into account: (a) the complexity, expense, and duration of litigation, as well as the risk involved in establishing both liability and the priority status under the Bankruptcy Code of any relief to which the Rider Class members are entitled under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*; (b) the ability of Settlement Class Members to automatically receive substantial monetary relief via direct mail; (c) the reasonable terms of the Fee Award and Incentive Award after

nearly four years of litigation in this Court and the Bankruptcy Court; (d) the lack of additional agreements made in connection with the settlement proposal; (e) the absence of any objections to or requests for exclusion from the Settlement; and (f) Class Counsel's justified belief that the Settlement represents an excellent outcome for the Settlement Class Members.

12. The pro-rata allocation of the Net Settlement Fund among the Settlement Class Members provided for in the Settlement Agreement treats the Settlement Class Members equitably relative to each other.

13. The payments to Settlement Class Members provided by the Settlement Agreement constitutes fair value given in exchange for the release of the Settlement Class Member Released Claims against the Released Persons. The Court finds that the consideration provided to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action and the Bankruptcy Case, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

14. The procedures set forth in Rule 23(h), the Settlement Agreement, and this Court's Order dated April 27, 2022, regarding the Fee Application have been satisfied.

15. Class Counsel's requested Fee Award of $33,000, representing 33% of the Settlement Amount, is authorized by law pursuant to the common fund doctrine and is reasonable based on (a) the fee agreement between Class Counsel and Rider; (b) data from empirical studies indicating that a 33% common fund fee award is typical in cases like this case; (c) data from Seventh Circuit common fund cases approving similar

common fund fee awards in comparable cases; (d) the significant risk of nonpayment that Class Counsel agreed to bear; (e) the high quality of Class Counsel's performance; (f) the amount of work necessary to resolve this matter, both in this Court and the Bankruptcy Court; and (g) the significant stakes of the case for the Settlement Class Members.

16. The requested incentive award of $5,000 for Rider is fair and reasonable in light of the time and effort Rider devoted to this case and the risks he undertook in serving as Class Representative.

17. No Rider Class Members have sought to be excluded from the Settlement.

18. No objections to the Settlement or the Fee Application have been received.

19. The Settlement Agreement is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Settlement Class Members. No objections were filed regarding the Settlement. All Settlement Class Members are deemed to have waived any such objection by appeal, collateral attack, or otherwise. Accordingly, the Court directs Rider, Defendants, the Plan Administrator, and their respective counsel to implement and consummate the Settlement Agreement in accordance with its terms and conditions.

20. Defendants, Rider, and the Plan Administrator are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement, which is incorporated by reference herein.

21. Having determined pursuant to Rule 54(b) that there is no just reason for delay, the claims asserted by Rider in the Action are hereby dismissed with prejudice

pursuant to the Settlement. This judgment has been entered without any admission by Defendants or the Plan Administrator of liability or as to the merits of any of the allegations in the Action, the Class Proofs of Claim, or the Bankruptcy Case.

22. The following monetary relief for the Settlement Class Members is hereby ordered:

    a. Within ten (10) business days after the Effective Date, the Plan Administrator, on behalf of Defendants', shall pay the Settlement Amount into the Settlement Escrow.

    b. Each Settlement Class Member shall receive a *pro rata* share of the Net Settlement Fund determined in accordance with Section IV.4 of the Settlement Agreement.

    c. The Plan Administrator shall pay the employer's portion of all Federal Insurance Contribution Act ("FICA") taxes due as a result of the payments of the Settlement Class Members pursuant to the Settlement.

    d. Defendants, the Plan Administrator, and the Settlement Administrator shall effectuate all payments required by this Order and the Settlement in accordance with the applicable provisions of the Settlement Agreement.

23. The Court grants the Fee Application and awards Class Counsel an award of attorneys' fee in the amount of $33,000, to be paid from the Settlement Amount.

24. The Court grants Rider an Incentive Award in the amount of $5,000, to be paid from the Settlement Amount. This award is separate from and in addition to any

award to which Rider is entitled as a Class Member.

25. The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each Defendant's successors and assigns).

26. The provisions of this Final Judgment are entered as a result of a voluntary agreement of the parties. The Settlement Agreement and this Final Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by any Defendant, or any other party or person, or of the accuracy of any of the allegations or defenses in the Action, the Bankruptcy Case, the FAC, or the Class Proofs of Claim.

27. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

28. The Court retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

**DATED:** June 2, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**